IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PAUL M. GORDON                                                                                              PLAINTIFF

      v.                                         Civil No. 6:13-cv-06099

BONNIE LEE ANN DRAPER                                                                        DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Paul M. Gordon, filed this action on September 3, 2013. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2013), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. The case is before me for a determination of whether service of process should issue.

## BACKGROUND

According to the allegations of the complaint, the Defendant, Bonnie Lee Ann Draper, is the Mother of Gordon's twenty-two year old son, Chase. Chase lives with Draper. Since his arrest in December of 2010, Gordon alleges he has been trying to contact Chase by mail. Gordon asserts that Draper does not give Chase his letters or let him know that Gordon is attempting to contact him.

Gordon asserts he has contacted a number of agencies in an effort to get in touch with Chase and to prevent Draper from interfering with his mail. He states his requests have been ignored.

## DISCUSSION

Federal courts are courts of limited jurisdiction. *See e.g., Godfrey v. Pulitzer Publishing Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). Generally, the federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; that is, those cases involving violations of federal constitutional or statutory law. *See e.g., Southwestern Bell Telephone*

*Co. v. Connect Communications Corp.*, 225 F.3d 942, 945 (8th Cir. 2000). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83 (1998)(quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382 (1884)) (alteration in original)).

This case is subject to dismissal.  First, Draper is a private individual and not subject to suit under 42 U.S.C. § 1983.  A Plaintiff may only bring a suit under § 1983 against a person acting under color of state law to remedy constitutional violations or violations of certain rights created by federal statute. *See e.g., Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). "The under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Id.* (citation and internal quotation marks omitted).

Second, there is no constitutional right to have law enforcement officials investigate a reported crime.  *See e.g., Sheets v. Mullins*, 287 F.3d 581 (6th Cir. 2002)(no due process or equal protection violation by sheriff's department sergeant in responding to a call reporting domestic violence). "The Due Process Clause of the Fourteenth Amendment does not impose upon the state an affirmative duty to protect its citizens [against illegal private acts], but rather, places limitations on affirmative state action that denies life, liberty, or property without due process of law." *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1065 (6th Cir. 1998)(*citing DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 195 (1989)).

Similarly, victims of crime lack any legal right to compel criminal prosecution or to institute criminal prosecution.  *See Diamond v. Charles,* 476 U.S. 54, 64-65 (1986); *Frison v. Zebro*, 339 F.3d 994, 998-1000 (8th Cir. 2003)(rejecting a § 1983 claim based on the violation of a criminal statute); *In re Kaminski,* 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); *Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989).

Third,  diversity of citizenship under 28 U.S.C. § 1332 exists if there is complete diversity

of citizenship and the amount in controversy is more than $75,000. *Advance Am. Servicing of Ark., Inc. v. McGinnis*, 526 F.3d 1170, 1172 (8th Cir. 2008). In this case, both the Plaintiff and the Defendant are citizens of Arkansas. Diversity of citizenship therefore does not exist. No other basis for federal court jurisdiction exists in this case.

## CONCLUSION

For the reasons stated, I recommend that the complaint be dismissed prior to service of process because no basis for federal court jurisdiction is stated in the complaint. 28 U.S.C. § 1915(e)(2)(b)(requirement that the Court screen *in forma pauperis* complaints to determine if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a Defendant who is immune from suit). Dismissal of this action will constitute a strike and the Clerk should be directed to place a § 1915(g) strike on the case.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of October 2013.

                                                       /s/ Barry A. Bryant  
                                                       HON. BARRY A. BRYANT  
                                                       UNITED STATES MAGISTRATE JUDGE